Welcome back. Um, our fourth case this morning is 21-2015 Cowboys for Trump versus Oliver. And Ms. Powell, you may proceed. May it please the court. Sidney Powell for Boyd Griffin and Cowboys for Trump. Mr. Griffin formed an LLC called Cowboys for Trump to pursue educational advocacy and political advocacy on behalf of multiple issues, including President Trump himself, the issue before the court today is whether he has standing to pursue his complaint under 1983 against the secretary of state and the enforcement of her unilateral determination that he was a political action committee, that Cowboys for Trump, the little LLC was a political action committee standing. Of course, as the court knows, it's a very simple inquiry. Did he have an injury? In fact, was it caused by the secretary of state and would the lawsuit that he brought alleviate the problem caused? The answer to all three of those questions in this case is definitely yes. Magistrate court that tried or that decided the case below proceeded on a Mr. Griffin and Cowboys for Trump had said they would not participate in any independent expenditures that battle line was dispositive of the case that however, ignored all the other indicia of injury. In fact, that this court has found apply, including the fact that he was being fined up to $7,800 and rising that he has in the complaint that's that issue, or is that a fact that was argued later? It's in the complaint that he was subject to fines that fines could be imposed by virtue of the secretary's actions. It was not specifically pled that there was a $7,800 fine that was being imposed, but that fact is, I believe, undisputed. I'm, I'm a little mystified here because, you know, it's clearly there were parallel events occurring. There was a, apparently some kind of back and forth with the secretary's office. There was an arbitration after the complaint was filed, there were fines imposed and the finding that, that, Cowboys is a political committee and, you know, there's clearly injury somewhere here and I, I'm not sure it's in the complaint, but why, why didn't you just amend your complaint? And when you clearly had at least injuries after the first complaint was filed and, and, and go, go forward with the merits of your case, rather than coming up here on a standing argument. I apologize for not knowing the answer to that. It's not in the record. And the best I can tell you is that I think it's because the magistrate's decision, finding that his specific language, I believe, was that because there was no, there was an allegation that he would not make independent expenditures, that alone was dispositive. And without that determination. That is, that is, that is dispositive for the reporting and disclaimer allegations, isn't it? Cause if, if, if, if you're not making independent expenditures, you're not, you're not going to be subject to the donor disclosure and the disclaimer on your advertisements. Well, I'm not sure it's dispositive when the secretary has already found that he is a PAC and made the registration. But that's not, that's not, don't we look at the complaint that was filed and what you're, you know, the, what you're telling me now and what's in the reply brief are all, um, out outside the complaint or occurred after the filing of the complaint. And we can't, we can't look at those for standing purposes. Can we? Well, the complaint does allege that he would face fines and penalties. It does allege a chilling effect and that he would continue to perform these activities were it not for the secretary's ruling. Those factors alone under this court's prior precedent are enough. In fact, um, I believe it was, um, Jarvis holding that held that the loss of even a small amount of money is sufficient. Uh, the registration requirements, $50. The very fact that he has to register is an adverse, um, injury. In fact, as is the fact that he had to proceed in the administrative proceedings because of the secretary's actions. Let me interrupt with respect to the requirement that you register, um, that the dis the district court opinion sort of says, well, that's not the focus here. Is the registration it's really on the obligations that are triggered by these independent expenditure. So I'm not even going to deal with that. And I find that very troubling because it looks to me like you made an argument about registration, but you don't seem to argue it on appeal. Um, um, so I thought we did definitely argue that registration itself is a And that's obviously a fact in the case that constitutes an injury because of the $50 and the administrative procedures that came as a result of that. Uh, any of that is sufficient to create a chilling effect. And then of course, Americans for Prosperity makes it clear that owners themselves are, would suffer a chilling effect from the secretary's actions and the application of these rules to Mr. Griffin as a PAC, but no, I think the fact that the registration requirement is imposed on an LLC that simply provides costs for a man to ride his horse across the country, carrying a flag is an amazing burden to impose. And what does that say? For example, a print shop who prints over $500 worth or $5,000 worth of signs for a political candidate and the secretary now unilaterally hold them to be a PAC and require them to register. Let me ask you where in, I mean, this is in reading that the district court decision and the court saying, I'm not going to look at this registration piece because the focus is on all the provisions that are triggered by independent expenditures, I didn't see anywhere in the briefing to this court where you take issue with the, the court's decision to not address that argument. Can you point me, I mean, I'd love it if you could point me to where, um, you challenge the district court's decision that it need not assess whether there was standing for the registration claim. Um, the court relied on many of these items when making the decision that acknowledged that they, that they had to register and it's in the court's memo itself, I don't know that we specifically in our brief, um, made, you know, discussed that registration requirement particularly, but it goes into the district court as a result of the secretary's decisions and the district court's decisions below. Okay. Simply the administrative proceedings that he had to go through were enough under, uh, the, uh, prior decision of the, I think it was the 2006 decision in which the district court's decision, uh, was sufficient to constitute an injury in fact that he suffered the complaint alleges repeatedly the chilling effect, which Americans for Prosperity says that alone, again, is sufficient to constitute an injury in fact. The appropriate resolution of the case, I believe at this point would be to make things more clear, but finding that there is sufficient allegation of assorted injury in fact caused by the secretary that can be redressed by the rulings sought from the district court to proceed in the district court and that the district court's finding about the fact that he's not going to make independent expenditures is not at all dispositive of the claims that he has raised. If the court has no further questions, I'd like to reserve my remaining time for rebuttal. All right. Thank you, counsel. Thank you. Let's hear from the appellee, uh, Ms. LeCocq. Thank you. May it please the court. My name is Erin LeCocq, assistant attorney general on behalf of New Mexico's secretary of state, Maggie Toulouse Oliver, and I apologize to the court. I'm sick and, um, voice is a little bit weak. So if you cannot hear me, please let me know. Um, this case is about the sufficiency of the complaints and the complaint was deficient. The secretary of state was sued by appellants alleging that the campaign reporting act statutes are unconstitutional. Appellants believe that they've brought facts sufficient to show that they can, that they have standing to challenge these laws, but they have not. What, what appellants have stated in the complaint is that Caboos for Trump is an organization that engages in issue advocacy that relates to their mission, promoting the of secure borders, protection of the unborn and the second amendment, which they stayed in the complaint in paragraph 31 or educational advocacy, but that the primary purpose is not to influence elections, which they stayed in the complaint in paragraph eight and 13. Crucially in the complaints appellant state that they have not and will not make independent expenditures in support of candidates or valid questions, which they stayed in paragraph eight. And they have not expended a single penny on independent expenditures in support of, or in opposition to any candidate for office, which they, if I could, if I could interrupt there, um, uh, doesn't Cowboys have to, um, register with the secretary of state's office, regardless of whether they make any independent expenditures. According to the underlying case, um, that is, that is what's at issue in the arbitration, uh, in the, in the state district court, um, which has, we have, we've had a final judgment, arbitration judgment, which has been, uh, uh, turned into a judgment, but the appellants have, um, Cowboys for Trump has filed a motion for reconsiderations, which is still pending. So, but that's separate, that's separate from looking at what is the secretary's interpretation of the act is that, um, this type of organization must register as a political committee. And in fact, um, she made a finding to that effect and find Cowboys, but, um, you know, setting aside whether that, um, you know, that's clearly an injury injuries for standing purposes, but, um, if, if, if that's not adequately pled, why isn't the mere fact that they pled, um, uh, injury flowing from the requirement to register? Why isn't that enough to create standing, at least as to that provision of the, of the act? Because in the, in the pleading, they have alleged specifically that because that they do not make independent expenditures. And by so alleging they've removed themselves from the disclosure requirements, um, from the CRA. So they're essentially alleging they're challenging the constitutionality at these, um, statutes while alleging at the same time that they are not subject to them. And they don't want, they don't want to have, they don't want to have to register. That's the, that's the harm here. Why isn't that, why isn't that enough to establish standing? They, because they specifically said that they, that these statutes don't apply to them. And so, but they, they say that we're not going to make independent expenditures, but the right in the complaint, it says that they accept contributions and the registration requirement, as I read it is triggered by contributions. But, and the two, the two other statutes that issue, um, 26 section. Before we go to those. Yes. Looking just at the registration requirement, which they're challenging and saying, um, you know, we have a concrete injury because you're making us register. They're right, aren't they? They've pled that. But they've pled, and let me find it. They've pled that the secretary of state made a final determination, and this is in paragraph 10, that Cowboys for Trump qualifies as a political committee under the campaign reporting act, which they can challenge in state court, um, without, um, but in the same pleading, that's when they say that these independent expenditures don't apply to them. And so these provisions that they are challenging do not apply to them. And that's what removes. There's two, as I understand it, there's different types of provisions and there's the, um, provisions that are triggered by independent expenditures. But there are some provisions that either a contribution or an independent expenditure would trigger, right? Registration being one of them. And also 1-1927-3-C looks to me like that. Those penalty provisions are triggered even by contributions. So even if I accepted that the district court was correct, that they've pled themselves out of any claim that needed to be triggered by an independent expenditure, why haven't they established stamming for any claim, any penalty or requirement triggered by contributions? I think that, first of all, I don't think it was clearly pled enough. And I think that we're reading into, into it and based on what we know of the facts, but looking at the four corners of the complaint, I don't think it's clear enough that that's, that's, that's what they've been pleading. And second, I think that we have this contradictory, um, uh, statements that are in the pleading that show that it is not, it is not clear enough that these constitutional provisions states, I'm sorry, statutes that they are challenging, um, apply to them. And then again, they, this was recognized, um, at the district court level and the district court gave the, the appellants the opportunity to clarify, to amend the complaint, um, to be sure that we were, um, very clear on what exactly, um, their, their, their allegation of harm was, and they failed to, uh, to avail themselves of that opportunity. And so it's a, it's a muddy complaint that at the end of the day is deficient and does not show that they are subject to these, uh, provisions that they're challenging. Um, so should we send it back and instruct the district court to give them another chance? Well, it's, it's already been dismissed without prejudice. If they wanted to, they can, they can have another chance. I just think that at this point, they have not looking at the four corners of the document, they have not fled enough to show that they have standing in this particular case. Um, and I think they've already been given an opportunity to amend it. And so remanding it back and giving them another opportunity, that there are ample opportunities, um, if they were to so choose to continue this, this is not shutting the door for them, but this complaint, that's at issue here, this complaint is deficient. Um, they did not allege an injury, um, to support individual again, because of, of what we've just talked about. Um, the group is challenging the application of the law. Um, but, but they're, they're saying that the application is either been applied or misapplied to them. Essentially, essentially, what they're challenging is, is the secretary's determination that they are a political committee. And this is not the forum to do that. Challenging the constitutionality of the statutes is not the forum to do that. Um, they, they also talk about a chilling effect and how chilling effects could amount to harm. Um, and as, as Ms. Powell's start already talked about that, the elements of that, um, but the, the situation, the chilling effect doesn't exist here. Um, again, because they have repeatedly said in their complaints that they do not make these um, Twombly, uh, be, be Bell Atlantic. We have to take those allegations as true, um, that they have not. And if that is true, then that removes, uh, the disclosure requirements from, from this group. Um, so there can be no, no chilling effect because as they have plotted, there is no requirement to disclose any of these names. Um, claim of associational standing, likewise cannot be upheld. Um, they, in general, a plaintiff cannot rest, um, his or her claim of relief to legal rights of, um, or interest of third parties unless they have a close relationship and associations represent their memberships. And that's neither situation in this case. Um, because again, of the deficient pleading, they effectively have removed, um, the donors from, from that consideration, but also under NAACP, that also doesn't apply because we have a difference between members and donors. And in NAACP membership has some sort of say in the way that the organization is run. And the case here is that, um, that we have donors that conduct an arm's length transaction to the group, um, and, and they don't have any say, or there is many evidence that they have any say in the way that the group is run. And that's not sufficient to show a close enough nexus between the group and its donors that would allow them to represent the donor's interest. So at the end of the day, really we're looking at the four corners of the complaints, what has been pled and whether, whether it's efficient to arise for standing. And because of those statements where they say they do not make independent expenditures, it pulls this group out of, um, the requirements of the, of the, the enforcement as they have pleaded from these statutes. And again, they cannot challenge a statute that they have alleged does not apply to them. And for those reasons, the district court's judgment should be upheld. And unless I have any questions, I will see the rest of my time. Thank you. All right. Council. Thank you, had some rebuttal time. Thank you, your honor. Uh, we certainly can challenge the statute that the secretary herself has held applies to us and seeks to impose fines against Mr. Griffin for that. We do need an opportunity to amend the complaint specifically on remand for that point, because it's my understanding from co-counsel that the actual imposition or the final determination of the imposition of the fine came after the case was, uh, in the process of being briefed. Um, that's one reason why, or the main reason why it didn't get in there before now. And, uh, we did plead specifically about the registration requirements. In fact, it's the very heading of count two by requiring plaintiffs to register and disclose their sponsorship of this issue. Advocacy secretary has violated the first and 14th amendment as judge McHugh pointed out, it doesn't solve the problem about the donors. That's where the killing takes place. The state wants to completely ignore Americans for prosperity, which makes clear that donors are entitled to protection and donors to a small LLC that was funding Mr. Griffin's horse ride across the country certainly have a right to expect their privacy from it and not be deemed part of a PAC or have to register, be part of registration disclosure of a PAC. If the court has no further questions, I'll return my time to the court. I would direct you to also paragraphs 46 of the complaint and 56 where we said plaintiffs are entitled to an injunction in pointing the continued enforcement of the registration requirement itself. And that's one of the important points that we raised below and in briefing before the court. All right, counsel. We, um, I think we understand your arguments. We appreciate your time this morning. You are excused in the case will be submitted. Thank you. Thank you.